Thank you. May it please the court, I'd like to focus primarily on the issue of attorney's fees, which is one of the two issues that was teed up for appeal. And then briefly, at the end of my argument, maybe say a sentence or two about the issue of the expert witness who was excluded, recognizing, of course, that the abuse of discretion standard presents a fairly steep uphill battle for any appellant. With respect to attorney's fees, I would submit, and I feel very that if this matter were teed up before a trial court, and it was fully briefed on the merits, that my side would have far and away the stronger argument. So we have an attorney fee clause, which the trial court relied on in awarding attorney's fees. That fee clause is of the the, the contract and not in a rising under quote unquote, type of fee clause, which would embrace within it tort causes of action. And we have, of course, within the Ninth Circuit, we have the in Ray Rothery, R O T H E R Y case, which says that fraudulent transfer claims are not subject to attorney's fees under California Civil Code Section 1717. Mr. Marks, to be to be fair, didn't you make the contrary argument when you were representing the appellant's principle? Not personally, but my law firm did. And isn't that a problem? It is certainly one of the issues that Mr. Purcell raised. And here's why I think you failed. So you won. You got this court to agree that attorney's fees were appropriate in this context. Not you personally, your law firm. No, no, I understand that. Mr. Purcell didn't challenge the applicability of the attorney fee award, rather the entitlement to attorney's fees when on behalf of a separate individual, Mr. Neiman, a request for attorney's fees was made under Civil Code Section 1717. Okay. So the procedural history was as follows. He, Mr. Ben Neiman, won summary judgment, which for practical purposes means I am a different party. I am not the alter ego of NBN Real Estate. Understood. But he controls the appellant, does he not? He does, yes. He made the motion for attorney's fees. I think that if that issue had been briefed and litigated on the issue of entitlement to attorney's fees, our side should have lost. But the appellee in this case did not. And I think they made- So it was Rule 11 violative to file the motion in the first place? No, I think that there is, Your Honor- I mean, you just said we should have lost. I don't know why that isn't Rule 11 problem territory, but- I mean- You should have said would- should have in the sense that I am now arguing that a narrow form attorney fee clause does not provide attorney's fees, does not entitle a party to attorney's fees under Section 1717 because of the In re Rothery case. Are you- Let me- Go ahead, Mr. Judge. May I back you up on that? You say that the fee provision is narrow. And I think I have provision here. It says, and I'm ellipsis-ing out the parts that aren't relevant. In the event any action or proceeding is brought because of an alleged breach or default here under the contract, wasn't all this action brought because there had been a breach in the underlying contract? I would say no, Your Honor. I would say that the contracts that are being discussed are the contracts between the debtor and NBN Real Estate where the transfers took place, the transfers which the trial court has now deemed to be fraudulent transfers. Those were not sued on by the appellee. There was no claim for breach of contract. All right, but if there had not been a breach of contract, if the contract had been completely performed, there would not have been a fraudulent transfer case, right? I'm not sure I agree with that, Your Honor. As I understand, again, I was not the trial lawyer, so I'm struggling a little bit for the facts here. But as I understand it, the contracts were completely performed. The transfers were made. There was no- I had- Specifically performed, and the contracts were deemed to be fraudulent transfers. So wasn't there an underlying- there was an underlying debt, right? I mean, you have to have a debt to have a fraudulent transfer case, right? Well, the- so the debtor came to my client begging to take these properties off of his hands, which is something that he did. And it was done apparently for no consideration, precisely because the properties at the time were underwater. And essentially, our position in the trial court was that these were properties which were, you know, which is like giving away nothing because they were underwater as a factual matter. They did not have a positive net equity value. Right, and had you- The constructive fraud case, right? Yes. Okay. It wouldn't have taken care of the actual fraud case? Correct. Okay. Can I take you back to what I'm- well, if you think you've responded to those questions. I believe I have, yes. Okay. I'm concerned about the fact that this issue- you made the point that this wasn't litigated. But wasn't there an opportunity for raising the arguments that you're now raising before the bankruptcy court? And I can't find any place in the record where in front of the judge in the- when the first instance decided this, you came back and said, you know, now we don't want you to award him here. Why isn't that issue waived? Well, I would say that it's not waived, Your Honor, because the trial court didn't follow what I understand to be the standard procedure in awarding attorney's fees. I understand that procedure to be the issuance of a decision which results in the finding of a prevailing party or no prevailing party, followed by a motion, an affirmative motion for attorney's fees filed by the party that won the judgment, where the issue of entitlement to fees and the issue of the amount of fees is determined. In this case, the trial court, I would use the word, short-circuited that process by finding as part of its original decision in order that attorney's fees were and they were entitled, Your Honor, without the benefit of any briefing. Now, but he didn't allow an opportunity for briefing as to reasonableness and wouldn't that necessarily inappropriately allow an opportunity to, you know, it seems to me the reason you couldn't do it is because your firm had already recovered them. Well, again, Your Honor, I still see a significant difference between having one party, who's a different party, admittedly, a party represented by the same firm who controls the litigation, making a particular argument and a different party making another argument where the law is certainly subject to debate. I mean, we're debating these issues now. This is not, you know, when I say we, you know, should have, which I said before, lost before I'm taking the under the under the Rothery case and under the narrow form attorney fee clause. But that issue, what prevented you from saying at a minimum, judge, you got the car before the horse here. And there's nothing, Your Honor. I mean, you know, in the mortal words of Brendan Sullivan, you are not a potted plant, right? I mean, you certainly could have made that argument and teed it up legally, which would have been anterior to the amount, wouldn't it? Yes, could have did not, in retrospect, wish that we would have. But I have looked to see if there are rules of court or decisions that have been made, you know, binding precedential decisions that say that you are disentitled to file an appeal, where this particular issue, which has already been decided by the judge, is not subject to a motion for a new trial. For example, I'm not aware that we need to bring a motion for a new trial, which is what I think the procedural motion would have been to challenge that decision before we file an appeal. So I recognize that the better procedural posture is to have the issue fully briefed and decided at the trial court level. But I would say that that was not done because the trial court went ahead without briefing and simply made a decision of entitlement. So that's why I would respectfully invite the court. And I'm certainly hearing some, you know, pushback, if you will. But if the court ultimately sides with us, then I think that the proper result would be to remand so that that particular issue can be addressed by the trial court, because it hasn't been. And I think, as I said, that we've got the better side of it. I've now under five minutes left. I just want to say very briefly that I think that on the issue of the expert witness, you know, there is a ninth circuit called Lannard Toys, where there was a seven-month delay. This wasn't seven months at the time of decision. At the time of decision, it was less than one month. In fact, it was less than three. You wanted them to have to depose the witness two weeks before the then-existing trial date. So the seven months is what it ended up being. Was this request renewed once it became clear that the trial wasn't going forward in July? I can't find any place in the record where it was renewed. In the record, I have not seen it either. I don't know if there was any oral request that didn't get reported. I'm not aware of it, Your Honor. Okay. I don't think the seven months is fair. Very well, Your Honor. With that, I would submit, unless there are any other questions. All right. Well, we'll reserve your time. Thank you very much. Thank you. All right. Counsel? Thank you, Your Honor. Mr. Purcell? Can the panel hear me okay? Yes. Okay. I think I'll take the matter that was just brought up. I'm in a little bit of a better position than Mr. Marks is because I tried the case and I was there the whole time and Mr. Marks got brought in sort of afterwards. So with respect to the experts, I can tell you the reason why there's nothing in the record is because there were no attempts to, after that initial attempt that the court denied, to add an extra witness here. So I believe MBN obtained seven continuances of the trial, four of them over our objection, and never brought up this witness issue after they were granted that. And so there were several months that went down. Admittedly, the point that Judge Taylor made is right. At the time, we were going to get jammed with a lot of extra discovery and expense, and their discovery cutoff was going to be three weeks before the new trial date they were suggesting, for three weeks before the new discovery cutoff they were suggesting. And the court rightly realized, wow, there's going to be prejudice here, and you also haven't explained to MBN why it's appropriate for you to be able to name a tardy expert witness. And so it was denied. And I think on an abuse of discretion standard, there's no reason to upset that decision. So to move on to the attorney's fees issue, again, because I was with the case for the vast majority of it, and I tried it, and I was around when those 2017 attorney's fees issues came up. MBN's counsel was incorrect that we didn't oppose it. We opposed the motion for fees. At the time, we thought, well, how is this guy who's not even a party to the case, Ben Neiman, how's he going to get attorney's fees under this? So we opposed him. And the judge was like, no, he gets to. This is a broad attorney's fees provision. And on that note, I think one other part of it is really important. The provision reads, in the event any action or proceeding is brought to interpret or construe the terms hereof, comma, to declare the rights of the party. And it keeps going on, but I think that's another important part. After all, this action did declare the rights of the party. They said, oh, wait, you do not have the right to get the assets you got under this transfer agreement because it was fraudulent. The party's rights were done. So I'm not surprised at all that they claimed it was a broad attorney's fees provision. It is. And that's why, you know, when we started going down this road, Judge Taylor mentioned, why isn't there a Rule 11 issue here? You can't claim in 2017 that a clause is broad and when nothing changes about the clause and it's the same case, you can't two years later, it's the same lawyer saying, no, it's narrow or no. Right. Yes. Sorry. Yeah. The same firm can't just turn around and say white is black. They said white is white back then. They just can't change it. They said all the authority was behind it. They're correct. Is it broad? Yes. It's illegal. You know, obviously I hear you and obviously I'm concerned about that, but what's the correct legal, what do I do with that? Is it judicial estoppel? What is it? Well, it is, it's not your classic judicial estoppel, but I think the purpose behind judicial estoppel is to keep parties from playing fast and loose with the facts. And in this case, unlike many others that somebody could bring up, NBN is called NBN because it's named after Morad then Neiman. So the party who obtained this good result for him early on who controls this other entity and who, you know, you've, you've been through the file. He was involved in everything and he benefited. He would have benefited if NBN had prevailed in this case. So he takes his position on one day and makes so many specific representations about whether this is appropriate and to connect it to the other point. The reason I am sure, and Judge Zive did this way that he did it, is there was so much briefing on this attorney's fees issue because Neufeld Marx didn't make one motion on it. They made two motions on it and prevailed both times. So it was very clear that this is, this is, this provision is in effect. And also the only way that Morad Ben Neiman won is the court made a finding that if my, my client Jay Lamp won, it would benefit from the attorney's fees provision. It made that finding in order to find the Ben Neiman one. So since this is... Is it law of the case? Pardon? Is this law of the case? Yes. And it would be incredibly unfair for my client who's paid, who's paid over 75,000 attorney's fees based to somebody who's not even a party to this agreement. Then they, they turn around and, you know, we, we resigned all the rights on the agreement. We're there. That's already been determined and, and it's not up on appeal. And can I, can I just clarify something? The reason why it's law of the case in your view is because there was that sort of reciprocal finding, right? Had this been reversed, Jay Lamp would have had the right, correct? Right. I mean that, yeah. And the, the court's finding when they, the attorney's fees provision against us is they said, Jay Lamp will prevail in this. And even in the briefing that Ben Neiman filed, they also said, Hey, Jay Lamp's going to be seeking fees under this. And they, they would be, you know, so it's, it's in the briefing there. So if there's any sort of you know I, I, I guess in the reply brief that NBN filed, they claimed that this is an overlooked issue. This attorney's fees clause. I was like, it wasn't overlooked. Actually there were two motions filed on it. And, and when we get back to the part of the client counsel's duty of candor, why was it in their briefs? Why don't they say, Hey, by the way, there's this complicated issue up there. I think you, you find judges on the panel should know about it and here's our view But instead they acted like it never happened and it did. And it happened and it was important. It's why things happen the way that they did. And so that's, that's you know, kind of how this case sort of came together and, you know, kind of like with the expert issue where they actually had not one, but three witnesses opine on the value of the, of the properties, but they claimed that, Oh my gosh, we were so prejudiced by this thing. They were prejudiced because they designated somebody who wasn't a licensed appraiser. That's what happened. And, but they designated a witness on valuation and then they never tried to fix it. And so again, your honors, I, I think the record shows that this, this judgment was soundly reasoned. The judge side did a, was very well versed with all the facts and the background pleadings, which is why he knew about the attorneys. He came to a sound decision on, on the fees and on the expert witness, and we should be entitled to our fees. And we think really the, the, the approach that counsel used should be sanctioned. We request leave to file a motion on that. Should the panel side with us that the decision was sound and certainly we're interested in. Let me ask you about the Rothery case. Do you have any response to his argument that judges I've got it wrong the first time we'll talk about law of the case waiver, but that we have binding ninth circuit authority that would preclude the award here? Well, yes, I do. And it's, it's actually in our brief, but the Penrod case says, Hey, that in, cause the, their cases from 96, there was a traveler's decision, the Supreme court had, and then the Penrod case says, Hey you no longer have to have your, you don't have to prevail solely on state court law in order to be entitled to attorney's fees. If bankruptcy law is why you prevail on an action involving a contract, you know, where, so there's a contract here. This is why we're here is why the transfers and the action said, most transfers that happened because of the contract now have to be set aside. Those transfers are no good, but there's no question. This is a contract. There's no question that this is it declares the rights of the parties under the contract. And so the Penrod case says, Hey, there's not actually any bar to having bankruptcy law be why you prevail. So whatever stricture that was before was kind of an artificial one and there's no support for it. And we're using a us Supreme court case. And, and the Penrod case came many years after that. And after that Supreme court case. And so legally, I think we're in a really strong position, but also whatever issues he had with it, they really should have brought him up with the trial court. Right. Any other questions? Thank you. Thank you, Mr. Purcell. Anything you'd wish to add? No, thank you. All right. Thank you very much for your argument. All right, Mr. Marks, you've got three minutes and 15 seconds. Yes, your honor. So if you look at the jurisprudence surrounding this issue of whether under civil code section 1717, a, a, an attorney free clause is broad enough to cover torts, such as the tort of fraudulent transfer. You will see that there is a tremendous amount of a tremendous number of decisions. It's been discussed and debated. It is not necessarily an easy issue. And I think that the, the lawyers who on behalf of Ben Neiman, who were one of them, my partner, one of them, my associates who made the argument that this was a broad form clause, we're doing so with a legitimate basis for that very reason. So I take away my rule 11, but, but, but isn't it law of the case? They won. They convinced the judge that, and they argued that we should get this because of the reciprocity that J Lamp would be entitled to it. The judge said, that's absolutely right. He's determined that in this case. I, I, I don't believe that's right. And I did look at this issue and I cannot cite for you the, the page number in the 1500 page excerpts of record today, but I did look at it very carefully. And my understanding is that the the appellee here did not challenge. And I think they did, did not challenge it for tactical reasons, which have resulted in the attorney fee award that, you know, they, they ultimately won, did not challenge this issue of whether it was a broad form or not a broad form. It apparently was not in their interest. So I don't believe that the, the judge, and it was not judge size. He was brought in just to handle the trial. It was the bankruptcy judge who handled the case. I believe he simply saw this as, you know, a party raising the white flag with respect to the issue of entitlement. I do believe that there were, there was a briefing and opposition on the size of the attorney fee award for Ben Neiman. But again, we are talking about two different parties. So I don't think that it is inappropriate for us to make the argument that we have made here today, because I think that it's the right argument, which is the way I started my, my discussion. And one of the reasons to respond to Mr. Purcell, who said, well, if you look at the words of the attorney fee clause, there are essentially three aspects to it. And the middle aspect is to declare the rights of the respective parties. Again, you know, there's many, many cases under the California statute as to whether that is something that can award attorney's fees under 1717. And the case that I cited at page 14 of my brief is called Demirjian, D-E capital M-I-R-J-I-A-N, where there was a lease provision that said that you get attorney's fees, quote, to enforce the lessor's rights here under, to enforce the rights here under. That was held not to include tort claims. So, you know, I do think that we have the better argument of it. I recognize that there are certainly issues with the way that this has been teed up procedurally and there are significant issues, but I still think that it's, I would make the argument that the right result is the result that comports with what the fundamental law is, that this should not be an attorney fee case. Thank you. All right. Thank you very much. Thank you for your good arguments. This will be deemed submitted. Thank you.
judges: Taylor, Faris, Lafferty